IN THE MATTER OF THE NATIONAL MECHANICS BANKING AS-
SOCIATION *vs.* THE MARIPOSA COMPANY.

IN THE MATTER OF SAMUEL B. WHITE *vs.* THE SAME.

There is no propriety in allowing one creditor to make a motion for a receiver
and, by stipulation with the attorney for the defendants, to allow the pro-
ceedings to lie dormant for months, until other creditors proceed to col-
lect their claims, and then, by consent of the attorney, attempt to gain a
priority.

The rule which is applied to dormant executions should be applied to such
proceedings, and the vigilant creditor should be allowed priority; especially
when it is apparent, from all the facts in the case, that there has been collu-
sion in regard to the prosecution of the claim of one creditor, to defeat the
claim of the other.

IN these cases two applications had been made for re-
ceivers, and both had been granted. In *White* v. *The
Mariposa Company*, the first application was made on the
4th of March, 1870, and after two or three adjournments,
a stipulation was agreed to by the counsel for both parties,
that the hearing should be adjourned to such time as
either party might desire to bring the same on, upon one
day's notice. This was in October, 1870. Nothing was
done, under the stipulation, until May 13, 1871, when a
notice was served of bringing on the motion, pursuant to
the stipulation, which was adjourned by consent until the
18th of May, 1871, when the order was made appointing
a receiver.

In the other case, the petition and notice of motion was
served on the 11th of May, 1871, adjourned on the con-
sent of parties to the 17th of May, 1871, when an order
appointing a receiver was made, and the bond approved
on the 18th, and filed on the 20th, of May.

A motion was now made to set aside the order appoint-
ing a receiver in the case of White.

INGRAHAM, J. I think the motion should be granted :

1st. Because there is no propriety in allowing one creditor to make a motion for a receiver, and, by stipulation with the attorney for the defendants, to allow said proceeding to lie dormant for months, until other creditors proceed to collect their claims, and then by consent of the attorney, attempt to gain a priority. The rule which is applied to dormant executions should be applied to such proceedings, and the vigilant creditor should be allowed priority.

2d. Because it is apparent, from the whole facts in the case, that there was collusion in regard to the proceeding in the case of *White* against the company, to defeat the claim of the *Bank*. The same attorney appeared for the defendants, in both cases ; and while he was postponing the case of the bank, from day to day, under offers of settlement, and after the appointment of a receiver, and approval of the bond, while, under another promise of an offer of settlement, he obtained a postponement of the filing of the papers, and a further delay for the same purpose, such attorney was consenting to the proceeding in the case of White ; which was concealed from the attorneys for the bank, and the application for which was made out of the ordinary course of business, and not at the usual place for hearing such motions, as prescribed by the rules of the court.

3d. Because, in fact, the receiver in the case of the bank was appointed on the 17th of May, and the bond approved on the 18th of May ; while the order in the other case was made on the 18th of May, and the bond approved on that day.

The attempt to overreach and defeat proceedings of other creditors, by obtaining a postponement of the filing of the papers, should not be allowed to succeed, when it is apparent that the attorney of the defendants knew of both proceedings ; knew that the receiver had been ap-

pointed on the 17th of May; and obtained such delay for the evident purpose of advancing the other application, with the view of giving priority therein.

The motion should be granted, with $10 costs.

[NEW YORK SPECIAL TERM, July 19, 1871. *Ingraham*, Justice.]